**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                               **ORDER**
                                  Criminal File No. 06-442 (MJD/FLN)

RODNEY ALLAN WILLIAMS,

       Defendant.

Michael A. Dees, Assistant United States Attorney, Counsel for Plaintiff.

Caroline Durham, Counsel for Defendant.

Before the Court are the parties' motions in limine.

1. Government's Motion to Preclude Defendant from Inquiring into Drug Evidence.

The government moves to preclude any evidence concerning drugs, as this case does not involve drugs, rather it involves only whether the Defendant is guilty of the charge of felon in possession of a firearm. Thus, drug evidence is irrelevant.

The Court agrees and such evidence will not be admitted.

2. Government Motion to Preclude Identity of CRI.

The Defendant has no objection to this motion.

3. Government Motion to Allow Past Felony Convictions for Impeachment Purposes.

The Defendant has three prior convictions. Should the Defendant decide to testify in this case, the Government will introduce evidence of these prior convictions for impeachment purposes pursuant to Fed. R. Evid. 609(a)(1). In response, the Defendant requests that the Government be limited to impeaching the Defendant as to only one prior conviction. The Court finds that impeachment as to all prior convictions is proper under Rule 609. Accordingly, the Government motions to admit the evidence of prior convictions for impeachment purposes is granted.

4. Defendant's Motion to Redact the Indictment based on Old Chief.

No objection from government.

5. Defendant's Motion to Preclude Reference to "Known Crackhouse."

No objection from government.

6. Defendant's Motion to Preclude Expert Testimony.

The Defendant represented to the Court this motion is moot.

7. Defendant's Motion to Admit Jail Tape Evidence.

The Defendant moves to admit portions of phone conversations between the individual arrested with the Defendant, Derrick Spillman and various third parties while he was held in the Hennepin County Jail. Specifically, the

Defendant moves to admit three statements in which Spillman indicates he told the police the guns were in the van, and that he put the guns in the van. Def. Exs. 21, 22 and 23.

Although the statements are hearsay, the Defendant argues the statements are admissible as a statement against interest, Fed. R. Evid. 804(3) or statements falling under the residual exception to hearsay rule, Fed. R. Evid. 807.

Rule 804(3) provides that an out of court statement may be admissible when the statement is against the penal interests of the declarant, the declarant is unavailable as a witness and there are corroborating circumstances indicating the statements are trustworthy. The parties stipulate that Mr. Spillman is unavailable as a witness because he has been charged in state court as a result of the guns found in the van. The statements are against his penal interests, as he admits in these conversations that he knew that the guns were in the van. The Court finds, however, that there are not sufficient corroborating circumstances which indicate the statements trustworthy.

The Eighth Circuit refers to five factors which aid in determining the trustworthiness of a hearsay statement that is against the penal interests of the declarant: "1) whether there is any apparent motive for the out-of-court declarant to misrepresent the matter, 2) the general character of the speaker, 3) whether other people heard the out-of-court statement, 4) whether the statement was

made spontaneously, and 5) the timing of the declaration and the relationship between the speaker and the witness." United States v. Bobo, 994 F.2d 524, 528 (8th Cir. 1993)(citing United States v. Rasmussen, 790 F.2d 55, 56 (8th Cir. 1986)).

As to the first factor, Spillman's motives for the first two statements appear to be that he is protecting his girlfriend. The Court notes that in the first phone call, Spillman is talking to his girlfriend, and it appears he is trying to assure her that she won't get in trouble for what happened, even though the van was in her name. Def. Ex. 21. In the second phone call, with respect to the second statement, Spillman is again attempting to keep his girlfriend out of trouble, noting that the Defendant's girlfriend is blaming Spillman's girlfriend for the arrest. Def. Ex. 22. Close relationships tend to diminish the trustworthiness of hearsay statements against penal interest. Bobo, 994 F.2d at 528.

The third statement is also vague. Spillman states he put the "shit" in there, yet right before he makes this statement, Spillman is talking about drugs, and that Williams threw drugs under the van. Given the context, it is conceivable that Spillman is talking about drugs, rather than guns.

The Court also notes that in support of his motion, the Defendant submitted evidence of only three statements in two phone calls made by Spillman from the Hennepin County Jail. The Government has submitted evidence concerning all phone calls made by Spillman from the jail; 47 calls total. Govt. Exs. 26 and 27.

On a number of occasions during various phone calls, Spillman denies knowledge of the guns in the van, or that some unknown person put the guns in the van and that he was trying to unload them.  On another occasion, Spillman states he is going to take the rap for the Defendant.  Given the number of contradictory statements made by Spillman over the course of these phone calls, the statements lack trustworthiness.  See Bobo, 994 F.2d at 528 (statement not trustworthy, given the fact that declarant had previously made contradictory statements).

In addition, Spillman is not a reliable declarant, given his prior criminal history.  In his phone calls, he admits that he is on probation in Wisconsin, and some of the phone calls involve what Spillman's girlfriend should say to his probation officer. Id.  Further, the fact that the phone calls were monitored, and that when using the phones, the caller is informed that the call is monitored, would indicate that the phone calls are not spontaneous.

Under these circumstances, the Court finds that the statements identified in the Defendant's motion are not sufficiently trustworthy and are therefore not admissible under Rule 804(3).

To be admissible under the residual hearsay exception rule, the statement must "have the equivalent circumstantial guarantees of trustworthiness to other hearsay exception." United States v. W.B., 452 F.3d 1002, 1005 (8th Cir. 2006)(citation omitted).   Because the Defendant cannot establish that the

statements are trustworthy under Rule 804(3), the statements are not admissible under Rule 807 either.

8. Defendant's Motion to Exclude Photographs based on a violation of the Jencks Act.

The Defendant moved, in Court, to exclude photographs taken by Officer Snyder. The Defendant alleges the photos were not turned over until late last Friday, August 24, 2007, and that the Defendant was not given the chance to question Officer Snyder prior to trial to ascertain from what location the pictures were taken. The Court will deny this motion as no violation occurred.

IT IS HEREBY ORDERED that:

1. The Government's Motions in Limine [Doc. No. 58] is GRANTED in all respects.

2. The Defendant's Motion to Prohibit Prejudicial Testimony [Doc. No. 49] is GRANTED.

3. The Defendant's Motion to Redact the Indictment [Doc. No. 50] is GRANTED.

4. The Defendant's Motion to Preclude Expert Testimony [Doc. No. 70] is dismissed as moot.

5. The Defendant's Motion to Admit Jail Tape Evidence [Doc. No. 68] is DENIED.

   6.  The Defendant's Motion to Exclude Photographs is DENIED.

Date: August 29, 2007

                                   <u>s / Michael J. Davis         </u>
                                   Michael J. Davis
                                   United States District Court